IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON OWENS, #320200             *
        Plaintiff,
    v.                            *   CIVIL ACTION NO. RWT-09-1780

CPL. VANMETER                    *
CPL. BAER
        Defendants.          *
                  ***

## MEMORANDUM OPINION

### Background

This 42 U.S.C. § 1983 complaint for damages, injunctive, and miscellaneous relief, filed on July 6, 2010, sets out the following allegations: (1) on January 6, 2009, Cpl. Vanmeter threatened to harm Plaintiff because, according to Vanmeter "he liked assaulting COs";[1] (2) on or about March 21, 2009, Vanmeter deliberately closed Plaintiff's hand in the cell-door tray slot; (3) on March 23, 2009, while Plaintiff was being escorted to his housing unit from an attorney visit, Cpl. Baer handcuffed Plaintiff from behind and began to twist and squeeze his wrist and tighten his handcuffs before forcing Plaintiff's arms over his head; (4) Plaintiff was forced to walk back to his housing unit in this manner, while Baer and other offices used offensive and racially charged language and threatened Plaintiff with harm; and (5) on December 1, 2008, Vanmeter and other officers verbally harassed and threatened him with harm.  He claims that he suffered a cut, pain, and scarring from the March 21, 2009 food slot incident and strained arms, shoulders, wrist, and back, with dislocated shoulders and elbows from the March 23, 2009 event.

---

[1] Plaintiff's Complaint infers that he was criminally charged with assaulting a correctional officer. Defendants' memorandum in support of their summary judgment motion states that there was an assault on two correctional officers on November 29, 2009, and Plaintiff was internally disciplined and criminally charged as a participant in the assault. Plaintiff claims that the actions of Vanmeter and Baer were undertaken in retaliation for the November 2009 incident.

**Dispositive Filings**

Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion, remains unopposed to date.[2]  Paper No. 13.  The case is ready for the Court's consideration and may be determined without hearing.  *See* Local Rule 105.6. (D. Md. 2009).   For reasons to follow Defendants' Motion shall be granted.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to...the nonmovant, and draw all

---

[2]  Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was provided notice of Defendants' filing and his ensuing entitlement to rebut the summary judgment motion materials.  He has not filed an opposition.

inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).  The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial.  See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U. S. 317, 323-24 (1986)).

## Analysis

Plaintiff has raised several constitutional claims respecting verbal harassment and excessive force. Each claim shall be examined seriatim.

### Verbal Harassment

Plaintiff claims that on at least three separate occasions, officers used racial slurs and threatened him with harm.  The use of racist epithets, while offensive, is not actionable under 42 U.S.C. § 1983.[3]  See Barney v. Pulsipher, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); accord Shabazz v. Pico, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone,

---

[3] There are two officers named Van Meter employed at the North Branch Correctional Institution.  As Plaintiff does not present the first name of this Defendant, both Donald and Michael Van Meter have furnished Declarations in which they deny verbally threatening Plaintiff with harm.  Paper No. 13,  Exs. 1 & 2.  Defendant Baer makes the same affirmation.  Id., Ex. 3.

'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); see also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Cole v. Cole, 633 F.2d 1083, 1091 (4th Cir. 1980); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778, 781 (N.D. Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).

## Excessive Force

Plaintiff claims that he was assaulted by each Defendant on March 21 and March 23, 2009. Defendants affirm through declarations and exhibits that at no time has Van Meter assaulted or attempted to assault Plaintiff and Van Meter has never closed or attempted to close Plaintiff's hand in the food slot.  Baer likewise affirms that at no time has he ever assaulted or attempted to assault Plaintiff and denies improperly escorting him in handcuffs at any time.[4] (Paper No. 13, Exs. 1-3). Correctional Case Management Specialist Gary Sindy maintains that his investigation into both matters reveals no informational reports or matters of record involving Plaintiff in March 2009. (Id., Ex. 4).

Defendants further assert that while the Complaint alleges injuries from both incidents, Plaintiff's medical records reveal that he has never been seen by medical personnel for any injury related to the alleged March 2009 incidents.  (Id., Ex. 5).  Further, Plaintiff's medical records do not reference any post-incident complaints of injury to his arms, hand, wrist, shoulders, or elbows.  (Id.).

---

[4] Baer further maintains that while Plaintiff alleges that excessive force was employed during his escort from an attorney visit to his housing unit on March 23, 2009, a review of the visitor's log for Plaintiff establishes that he had no visits in March 2009. (Paper No. 13, Ex. 3).  A copy of the log is not provided in support of the Baer Declaration.

A claim of excessive force raised by a prison inmate against correctional officers, such as that alleged in the case sub judice, involves analysis of both objective and subjective elements. See Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998); Williams v. Benjamin, 77 F.3d 756, 760 (4th Cir. 1996).  The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)).  The objective element is analyzed to determine whether the officers' actions were harmful enough to offend contemporary standards of decency. See Hudson, 503 U.S. at 8.  Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response.  See Hudson, 503 U.S. at 7; Whitley, 475 U.S. at 321.  While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a de minimis injury is required in order to prove that excessive force was used.  See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is de minimis and the force is not of a source "repugnant to the conscience of mankind").[5]

---

[5] When determining whether injuries suffered by an inmate at the hands of prison officers are de minimis, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) whether the inmate sought medical care; (3) whether there were any injuries documented in the medical records generated shortly after the incident; and (4) whether the documented injuries are consistent with the prisoner's allegations of excessive force or are more consistent with the application of the amount of force necessary under the circumstances of the particular incident.  See Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998); Stanley v. Hejirika, 134 F.3d at 634; Riley v. Dorton, 115 F.3d 1159, 1168 (4th Cir. 1997); and Norman, 25 F.3d at 1264.

Plaintiff has been called upon to refute Defendants' Declarations and exhibits. He has failed to so do. There is no evidence showing that unreasonable force, or any force for that matter, was used on the days in question or that Plaintiff experienced any injury. Therefore, judgment will be entered in favor of Defendants.[6]

## Conclusion

For the aforementioned reasons, Defendants' Motion for Summary Judgment will be granted A separate Order follows.

Date: February 16, 2010                           /s/
                                                ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

---

[6] Defendants would also argue that Plaintiff's claims are subject to dismissal for the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Their exhibit shows that Plaintiff filed one grievance regarding the alleged March 23, 2009 incident at the institutional level. (Paper No. 13, Ex. 4). The remedy was dismissed by the Warden. Defendants do not, however, through declaration of remedy coordinators and/or officials with the Inmate Grievance Office ("IGO"), sufficiently document that Plaintiff failed to exhaust this remedy request by appealing the Warden's dismissal to Headquarters and to the IGO.