IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


TAVON OWENS, #320200                          *
                    Plaintiff,
          v.                                  *  CIVIL ACTION NO. RWT-09-1780

CPL. VANMETER                                 *
CPL. BAER
                    Defendants.               *
                                             ***

## MEMORANDUM OPINION

On February 16, 2010, the Court granted Defendants' summary judgment motion as

unopposed.  On February 26, 2010, Plaintiff filed a Motion to Reopen, claiming that he had in fact

filed a response to Defendants' dispositive motion. (Paper No. 21).  Plaintiff is correct; opposition

materials were received for filing before the entry of judgment.  (Paper Nos. 15-16 & 18).  The

Court will therefore reexamine its determination in light of Plaintiff's responsive pleadings and

recent Supreme Court opinion issued on February 22, 2010, which invalidates the Eighth

Amendment excessive force standard set out by the United States Court of Appeals for the Fourth

Circuit relied on by the Court in entering judgment in favor of Defendants.

Again, this 42 U.S.C. § 1983 complaint for damages, injunctive, and miscellaneous relief,

alleged that: Cpl. Vanmeter threatened to harm Plaintiff on January 6, 2009, because of his

involvement in an assault against a correctional officer;[1] on or about March 21, 2009, Vanmeter

deliberately closed Plaintiff's hand in the cell-door tray slot; on March 23, 2009, while Plaintiff was

being escorted to his housing unit from an attorney visit, Cpl. Baer handcuffed Plaintiff from behind

---

[1]       Plaintiff's Complaint infers that he was criminally charged with assaulting a correctional
officer.  Defendants' memorandum in support of their summary judgment motion states that there was an
assault on two correctional officers on November 29, 2009, and Plaintiff was internally disciplined and
criminally charged as a participant in the assault. Plaintiff claims that the actions of Vanmeter and Baer were
undertaken in retaliation for the November 2009 incident.

and began to twist and squeeze his wrist and tighten his handcuffs before forcing Plaintiff's arms over his head, and Plaintiff was forced to walk back to his housing unit in this manner, while Baer and other offices used offensive and racially charged language and threatened Plaintiff with harm; and on December 1, 2008, Vanmeter and other officers verbally harassed and threatened him with harm.  Plaintiff claims that he suffered a cut, pain, and scarring from the March 21, 2009 food slot incident and strained arms, shoulders, wrist, and back, with dislocated shoulders and elbows from the March 23, 2009 event.  The allegations in the Complaint are supported by Plaintiff's Declaration.  (Paper No. 1 at 30).

Defendants filed for summary judgment, affirming through declarations and exhibits that at no time has Van Meter assaulted or attempted to assault Plaintiff and Van Meter has never closed or attempted to close Plaintiff's hand in the food slot.  Baer likewise affirms that at no time has he ever assaulted or attempted to assault Plaintiff and denies improperly escorting him in handcuffs at any time.[2]  (Paper No. 13, Exs. 1-3).  Correctional Case Management Specialist Gary Sindy maintains that his investigation into both matters revealed no informational reports or matters of record involving Plaintiff in March 2009. (Id., Ex. 4).

Defendants further assert that while the Complaint alleges injuries, Plaintiff's medical records reveal that he has never been seen by medical personnel for any injury related to the alleged March 2009 incidents.  (Id., Ex. 5).  Further, Plaintiff's medical records do not reference any post-incident complaints of injury to his arms, hand, wrist, shoulders, or elbows.  (Id.).        In  his opposition materials, Plaintiff claims that there is a genuine dispute of material fact and his

---

[2]        Baer further maintains that while Plaintiff alleges that excessive force was employed during his escort from an attorney visit to his housing unit on March 23, 2009, a review of the visitor's log for Plaintiff establishes that he had no visits in March 2009.  (Paper No. 13, Ex. 3).   A copy of the log is not provided in support of the Baer Declaration.

Complaint does state a claim upon which relief may be granted. (Paper No. 15). He additionally alleges that Defendants' exhibits contain misinformation and rely on irrelevant documents, and that he did file sick-call slips with regard to the incident and he was denied medical treatment.[3] (Paper No. 16). Finally, Plaintiff claims that his appellate attorney wrote back to him to verify the date of his attorney visit, March 23, 2009. (Paper No. 18). None of these averments is verified under oath.

In a motion for summary judgment, the initial burden of showing the absence of a genuine issue of material fact rests on the moving party. However, once a motion is made and supported, the nonmoving party must produce evidence showing a genuine issue for trial. See RGI, Inc. v. Unified Industries, Inc., 963 F.2d 658, 661 (4th Cir. 1992). As noted under Fed. R. 56(c), summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as to a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiff must confront Defendants' summary judgment motion with an affidavit or similar evidence showing that there is a genuine issue for trial.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003), citing Wilson v. Seiter, 501 U.S.294, 297 (1991).

---

[3]     Plaintiff intimates that his remedies and sick-call slips were not turned in by correctional officers. (Paper No. 16 at 2).

To state an Eighth Amendment claim for excessive force, the Court must look to whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986).

Defendants submitted verified declaration denying that they assaulted or attempted to assault Plaintiff by closing or attempting to close his hand in a food slot or by improperly using force during an escort. As noted, in his original pro se Complaint Plaintiff included a declaration in which he declared under oath that Defendants maliciously closed his hand in a food slot and twisted and squeezed his handcuffed wrists during escort.

Defendants also argued that Plaintiff had failed to show under Fourth Circuit law that he suffered an injury of constitutional dimension by demonstrating more than a de minimis injury. The Court relied on those cases in its decision on February 16, 2010.[4] The Supreme Court recently abrogated the Fourth Circuit cases which held that more than de minimis injury is necessary to proceed in an Eighth Amendment claim. See Wilkins v. Gaddy, __ S.Ct. __, 2010 WL 596513 (Feb. 22, 2010) (holding the core judicial inquiry when a prisoner alleges excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). Here, the core inquiry remains disputed based on all materials presented to the Court. Whether Defendants acted

---

[4]     See Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998); Stanley v. Hejirika, 134 F.3d 629, 634 (1998); Riley v. Dorton, 115 F.3d 1159, 1168 (4th Cir. 1997); Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

maliciously and sadistically to cause harm to Plaintiff on March 21, 2009 and March 23, 2009, is a fact disputed by the parties.  The issue requires credibility determinations not appropriate for resolution on summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

For these reasons, Plaintiff's Motion to Reopen shall be granted.  The  Court's February 16, 2010 determination will be vacated.  Defendants' Motion for Summary Judgment shall be granted in part and denied in part.[5]   Plaintiff's excessive force claims shall proceed and he will be granted an additional period of time to seek the appointment of counsel.  A separate Order follows.

/s/

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[5]       The Court's determination regarding Plaintiff's allegations of verbal harassment shall stand. The use of racist epithets, while offensive, is not actionable under 42 U.S.C. § 1983.  See Barney v. Pulsipher, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); accord Shabazz v. Pico, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); see also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993);  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Cole v. Cole, 633 F.2d 1083, 1091 (4th Cir. 1980); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778, 781 (N.D. Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).